# Stan Jagla

Democrat for U.S. Congress 2008 for Illinois' 6th District

*stanjaglaforcongress.com*

RECEIVED
JAN 0 8 2008
Jan 8, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

P.O. Box 72038, Roselle, IL 60172 • Tel: 773-791-0951 • stanjagla@yahoo.com

**United States District Court**
**For the Northern District of Illinois**
**Eastern Division**

**Civil Case**

| | |
|---|---|
| Stan Jagla, on his own behalf and all others similarly situated, )<br>Plaintiffs )<br>v. )<br>ABN Amro N.V. and ABN Amro USA and )<br>LaSalle Bank and Rijkman W. J. Groenink and )<br>Norman Bobbins and Harrison Tempest and )<br>Willie J. Miller, Jr. and Joost Ch. L. Kuiper, )<br>Defendants ) | 08CV146<br>JUDGE BUCKLO<br>MAGISTRATE JUDGE BROWN |

**Plaintiffs demand trial by impartial jury**

## *Class Action Complaint*

1) Plaintiffs bring this class action against the Defendants pursuant to Fed. R. Civ. P. 23 on behalf of class of all past, present, and future members for violation of the federal and state laws prohibiting money laundering for the enemies of the United States and other illegal conduct that caused, is causing, and will cause damages to the Plaintiffs. The Individual and Representative Plaintiff alleges upon personal knowledge and information as follows:

1

## Jurisdiction and venue

2) **Jurisdiction.** This court has the jurisdiction over this action under the law. This is a class action with the damages over $ 5 million and one or more parties have diversity of the citizenship.

3) **Venue.** Venue is proper. The Representative Plaintiff resides in the part of Illinois covered by this district and division.

## Parties

*Plaintiffs*

4) **Class.** Class consists of the US taxpayers who paid, are paying, and will be paying higher taxes as the consequence of the illegal acts committed by the Defendants.

5) **Stan Jagla** - Representative Plaintiff has been investigating the Defendants for several years for varies illegal activities within the United States and outside US borders. He personally suffered, still suffers and will continue to suffer the same damages, as all class members, as the consequence of the illegal practices pursued by the Defendants.

*Defendants*

6) **ABN Amro N.V.** is the parent company of ABN Amro USA and other US subsidiaries, which routinely did and still does money laundering for the enemies of the United States. ABN Amro is listed on the NYSE with the symbol of ABN. ABN Amro N.V. is headquartered in Amsterdam, Netherlands.

7) **ABN Amro USA** is the US subsidiary of the ABN Amro N.V., which did and still does money laundering for the enemies of the United States. ABN Amro US is headquartered in New York, NY.

8) **LaSalle Bank**, co-defendant and at the time wholly owned subsidiary of ABN Amro, which participated in the illegal schemes that damaged Plaintiffs.

9) **Rijkman W. J. Groenink** is the high-ranking executive of ABN Amro N.V. without whose authorization or knowledge no bank operation or initiative can take place. He resides in Amsterdam, Netherlands. With his intentional, reckless conduct in pursuit of profit that could increase his personal compensation (incentive pay, bonuses) did not hesitate to violate US laws with his " **business decisions** ". In addition, with his personal conduct such as providing false information, covering up criminal conduct by his employer, ABN Amro, and deceiving regarding the extent of the illegal conduct committed by ABN Amro he became in fact **instrumental** in carrying out such illegal activities associated with money laundering, which caused, is causing and will continue to cause damages to all Plaintiffs.

10) **Norman Bobbins** is the US high-ranking executive of ABN Amro without whose authorization or knowledge no bank operation or initiative can take place in the US. He succeeded Harrison Tempest in that capacity. With his intentional, reckless conduct in pursuit of profit that could increase his personal compensation (incentive pay, bonuses) did not hesitate to violate US laws with his " **business decisions** ". In addition, with his personal conduct such as providing false information, covering up criminal conduct by his employer, ABN Amro, and deceiving regarding the extent of the illegal conduct committed by ABN Amro he became in fact **instrumental** in carrying out such illegal activities associated with money laundering, which caused, is causing and will continue to cause damages to all Plaintiffs.

11) **Harrison Tempest** was the high-ranking US executive of ABN Amro under whose leadership money laundering for the enemies of the United States prospered. He was mentor and friend to Norman Bobbins who succeeded him in that capacity. With his intentional, reckless conduct in pursuit of profit that could increase his personal compensation (incentive pay, bonuses) did not hesitate to violate US laws with his " **business decisions** ". In addition, with his personal conduct such as providing false information, covering up criminal conduct by his employer, ABN Amro, and deceiving

regarding the extent of the illegal conduct committed by ABN Amro he became in fact **instrumental** in carrying out such illegal activities associated with money laundering, which caused, is causing and will continue to cause damages to all Plaintiffs.

12) **Willie J. Miller, Jr.**, is a high-ranking legal executive who with his legal skills and knowledge navigated ABN Amro through its **"legal troubles"**. He is responsible for the legal schemes to avoid legal liability for illegal activities of ABN Amro in the US. With his intentional, reckless conduct in pursuit of profit that could increase his personal compensation (incentive pay, bonuses) did not hesitate to violate US laws with his " **business decisions** ". In addition, with his personal conduct such as providing false information, covering up criminal conduct by his employer, ABN Amro, and deceiving regarding the extent of the illegal conduct committed by ABN Amro he became in fact **instrumental** in carrying out such illegal activities associated with money laundering, which caused, is causing and will continue to cause damages to all Plaintiffs.

13) **Joost Ch. L. Kuiper** is a high-ranking executive of ABN Amro without whose authorization or knowledge no bank operation or initiative can take place in the US. With his intentional, reckless conduct in pursuit of profit that could increase his personal compensation (incentive pay, bonuses) did not hesitate to violate US laws with his " **business decisions** ". In addition, with his personal conduct such as providing false information, covering up criminal conduct by his employer, ABN Amro, and deceiving regarding the extent of the illegal conduct committed by ABN Amro he became in fact **instrumental** in carrying out such illegal activities associated with money laundering, which caused, is causing and will continue to cause damages to all Plaintiffs.

## Background information

14) ABN Amro NV is a recognizable international banking institution with offices in many countries, which positions it very well to do international money laundering and can easily move large amounts of illegal money throughout the world undetected. Its

money laundering and other illegal activities spread over a period of more than 10 years and still persist. LaSalle Bank is its Chicago subsidiary.

15) Its top executives are well aware of the illegal activities as evidenced by past investigations. ABN Amro has substantial activities in the US and is publicly traded on the NYSE with the symbol of ABN.

16) ABN Amro NV is a public company - banking institution organized and incorporated under the laws of The Netherlands, with headquarters in Amsterdam. ABN Amro has over 3,000 branches, agencies, and subsidiaries - members of the ABN Amro Network - in over 60 countries. The ABN Amro Network provides retail, private, corporate, correspondent, and other banking services to numerous businesses, institutions, and individuals throughout the world, which also includes money laundering for the enemies of the United States.

17) ABN Amro has a substantial presence in the United States and is listed on the New York Stock Exchange with the symbol of ABN.

18) Money laundering and other illegal activities originated with ABN Amro NV and its international entities including ABN Amro USA and LaSalle Bank.

19) ABN Amro intentionally committed money laundering by removing the identity of the sender and/or recipient in order to conceal the illegal transaction from the US authorities in the violation of the federal and state laws.

20) ABN Amro still maintains its branch in Dubai known as the world's capital for money laundering for criminals and terrorist organizations and other enemies of the United States.

21) Harrison Tempest and after him Norman Bobbins frequently visited ABN Amro's Amsterdam headquarters in order to deal with and conceal those criminal activities and associated with it legal liability.

22) Willie J. Miller, Jr. is the legal brains behind lenient treatment of ABN Amro in the US for its criminal activities.

23) ABN Amro and all the individual defendants lied to the US regarding the extent of their criminal activities in order to avoid rightful prosecution and lesser the damages to their employer, ABN Amro.

24) ABN Amro materially assisted various criminal organizations to transfer illegal funds to the United States from former Soviet Union states and other Eastern European countries.

25) ABN Amro knowingly processed illegal transactions for Iran and Libya in the violation of the US laws. Defendants willingly falsified documents in order to mislead US authorities.

26) This illegal conduct has been in existence for over a decade and still persists.

27) The defendants knowingly provided untrue information to the US lawmakers who were investigating money laundering for the enemies of the United States in order to cover up their criminal tracks and avoid the just and proper legal liability.

28) ABN Amro intentionally lied about the extent of its illegal activities and was repeatedly caught by the US government.

29) ABN Amro violated the laws of many countries with its money laundering activities and has no respect for law or justice.

30) ABN Amro repeatedly violated an agreement dated July 23, 2004 with the Federal Reserve Bank.

31) Reckless and illegal activities by ABN Amro caused serious moral and financial damages to the Plaintiffs.

32) The individual defendants through their personal conduct, involvement in the reckless pursuit of profit materially contributed to Plaintiffs' damages.

## Causes of action

### Count I

33) ***Money laundering***. The Plaintiffs allege that the Defendants did money laundering for the enemies of the United States outside as well as within the US borders that consequently caused damages to the Plaintiffs.

34) Defendants willingly and repeatedly falsified documents in order to circumvent the law and US authorities.

35) Defendants knew that their conduct was illegal at the time they committed it.

36) Defendants in order to grow their market share in the reckless pursuit of profit made business decisions to intentionally violate laws of many countries including the US.

37) The defendants knew very well that their activities were indeed money laundering and were illegal.

### Count II

38) ***Aiding enemies of the United States***. The Plaintiffs allege that the Defendants aided the enemies of the United States by providing illegal financial services to them that consequently caused damages to the Plaintiffs.

39) Defendants intentionally provided financial services to the enemies of the United States.

40) Defendants intentionally falsified the documents in order to aid enemies of the United States.

41) Defendants knew that they were aiding the enemies of the United States and that is why they concealed the real identities of their customers to circumvent US authorities.

## Count III

42) ***Conspiracy to evade US laws***. The Plaintiffs allege that the Defendants conspired to evade US laws to cover up their own illegal activities that consequently caused damages to the Plaintiffs.

43) Groenink, Bobbins, Miller, Tempest and Kuiper repeatedly discussed and planned how to avoid legal liability associated with their illegal conduct.

44) Tempest and later Bobbins in their frequent trips to Amsterdam planned the best strategy to avoid legal liability for their illegal actions associated with the money laundering activities.

## Count IV

45) **Disgorge illegal profits**. Plaintiffs allege that the defendants illegally made profits by committing money laundering and other crimes.

46) The individual defendants Groenink, Bobbins, Miller, Tempest and Kuiper broke the law in order to put more money in their own pockets (incentive pay, bonuses).

47) ABN Amro willfully committed money laundering in the violation of the US laws in order to grow its market share in reckless pursuit of profit.

48) Such unpunished illegal conduct sets a bad example and causes serious moral and financial damages to all class members.

## Class allegations

49) Plaintiffs bring this Class Action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of a class of all past, present, and future members who have faced, continue to face, or in the future maybe facing increased tax bills because of the Defendants illegal conduct.

50) The Representative Plaintiff is member of the class he seeks to represent.

51) The size of the Class is manageable and determining the just and proper remedy for the class is possible.

52) There are questions of law and fact common to all the Plaintiffs and predominate. Common questions include among others:

    a) Did the defendants violate US laws (federal and state)?

    b) Whether the Class is entitled to compensatory damages.

    c) Whether this Class is entitled to punitive damages.

    d) Whether the injunctive relief and other equitable remedies for this Class are warranted.

53) Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants acted and/or refused to act on grounds generally applicable to the class,

making appropriate declaratory and injunctive relief with respect to the class as a whole. The Plaintiffs are entitled to injunctive relief to end Defendant's common, uniform, illegal policies and practices.

54) Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Plaintiffs have been damaged and are entitled to recovery because of Defendant's common, uniform, and illegal policies and practices. The propriety and amount of punitive damages are issues common to all members of this class action.

55) This class action will fairly and adequately represent all members of the proposed class. The Plaintiffs have no hope of ending illegal practices enforced by Defendants' or receive any compensation for the damages suffered without this class action. This class action will prevent the risk of inconsistent or varying adjudications with respect to individual members of this class action. This class action can provide an effective remedy for all members without incurring the costs of thousands of separate lawsuits and risking inconsistent decisions by the courts and juries.

56) The Representative Plaintiff has no conflict of interest with the Class and will fairly and adequately represent and protect the interests of all members of the Class. The Representative Plaintiff possesses the same interest as the Class he wants to represent and he suffered and will suffer similar damages as other members. The Representative Plaintiff's claims are common to all Plaintiffs who were injured in the same way and for the same reasons and with similar damages. Company-wide policies and practices reflect that the illegal practices still persist.

## Damages

57) Defendants caused serious moral damages to the Plaintiffs.

58) Defendants caused serious economic damages to the Plaintiffs.

59) Defendants caused damages that are manifested in higher tax bills for all class members.

60) Defendants caused increase in costs fighting organized crime and terrorist organizations (war on terror) that manifest themselves in higher tax bills for all class members.

61) Defendants caused increase in taxation and budget deficit past, present and future that are manifested in higher tax bills for all class members.

62) The Defendants have no respect for justice and law at all!

## Prayer for relief

63) The Plaintiffs request a cease and desist court order against the Defendants.

64) Certification as a class action on behalf of the proposed class. Class Action is the only and the best way to eradicate illegal business practices; therefore, Class Action rather than individual lawsuits is a better way to accomplish justice.

65) Designation of the Representative Plaintiff, Stan Jagla, as a representative of the class. Mr. Jagla will properly represent the most common claims against Defendants.

66) The Representative Plaintiff has no conflict of interest with the Class he seeks to represent.

67) The Plaintiffs demand from ABN Amro N.V. and ABN Amro USA and LaSalle Bank $150 Billion collectively in compensatory damages.

68) Because of Defendants deliberate actions with malice and/or reckless indifference the Plaintiffs are also entitled to the Punitive damages in the amount $ 750 Billion.

69) Damages demanded from the individual Defendants are as follows:

   a) Rijkman W. J. Groenink $ 20 million in compensatory damages and $ 100 million in punitive damages.

   b) Norman Bobbins $ 20 million in compensatory damages and $ 100 million in punitive damages.

   c) Harrison Tempest $ 20 million in compensatory damages and $ 100 million in punitive damages.

   d) Willie J. Miller, Jr. $ 20 million in compensatory damages and $ 100 million in punitive damages.

   e) Joost Ch. L. Kuiper $20 million in compensatory damages and $ 100 million in punitive damages.

70) The Plaintiffs also request compensation for all the costs including but not limited to for any expert witnesses, reasonable attorney's fees, any and all other costs associated with this action.

71) The Plaintiffs have right to trial by jury as guaranteed by the US Constitution and as affirmed by the FRCP 38.

72) The Plaintiffs request trial by **IMPARTIAL JURY** as guaranteed by the US Constitution; therefore, the Plaintiffs request to remove any jury consultants, during jury selection process and the trial that the defense counsel is routinely using to bias jury to favor the Defendants, which eliminates a possibility of an impartial jury and a fair trial.

73) Any other relief that court sees just and proper.

I declare under the penalty of perjury that the allegations are true and correct to the best of my knowledge.

Respectfully submitted,

FOR PLAINTIFFS

By: _____

Stan Jagla, Individual and Representative Plaintiff

Stan Jagla, Representative Plaintiff
PO Box 72198
Roselle, IL 60172
Tel. (773) 791-0951
E-mail stanjagla@yahoo.com

ABN Amro-complaint